UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL E. CLARKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　　　Defendant. | No. 2:16-cv-1520 CKD P<br><br><br>ORDER |

　　　　Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On August 15, 2016, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). Plaintiff's complaint was dismissed with leave to amend. Plaintiff filed his amended complaint on October 13, 2016 and now the amended complaint is before the court for screening.

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges a San Joaquin County Deputy Sheriff released an attack dog upon plaintiff which caused severe damage to plaintiff's left arm. Plaintiff does not identify the officer who released the attack dog as a defendant. Rather, he sues the San Joaquin County Sherriff's Department (SJCSD).  As with his original complaint, plaintiff's fails to make any allegations in his amended complaint suggesting the SJCSD is liable in any way for any injury suffered by plaintiff and the SJCSD cannot be liable simply because one of their employees is. Monell v. Dep't of Soc. Services of City of N.Y., 436 U.S. 658, 691 (1978).

For these reasons, plaintiff's amended complaint fails to state a claim upon which relief can be granted and must be dismissed. Good cause appearing, the court will give plaintiff one final opportunity to cure the deficiencies in his pleadings. In drafting his second amended complaint, plaintiff shall consider the contents of this order as well as the contents of the court's original August 15, 2016 screening order.

Plaintiff is specifically reminded that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in this case. Therefore, in a second amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended

complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

    3. Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  February 1, 2017

                                            /s/ Carolyn K. Delaney  
                                            CAROLYN K. DELANEY  
                                            UNITED STATES MAGISTRATE JUDGE

1  
clar1520.14(2)